IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GARY HACKER,<br>    *Plaintiff*<br><br>-vs-<br><br>TRUIST BANK,<br>    *Defendant* | § § § § § § § § § § § §<br><br>SA-22-CV-00886-XR |

## ORDER

On this date, the Court considered Plaintiff's motion to remand (ECF No. 7). After careful consideration, the motion to remand is **DENIED**.

## BACKGROUND

On July 21, 2022, Plaintiff Gary Hacker filed his original petition in the 451st District Court of Kendall County, Texas, seeking to prevent Defendant Truist Bank ("Truist") from foreclosing on the real property located at 514 Cordillera Trace, Boerne, Texas 78006 (the "Property"). ECF No. 1-1 at 5–11. Hacker alleges that Truist failed to apply his mortgage payments to his balance and instead held them in escrow to cover his property taxes, charging an escrow fee. *Id.* ¶¶ 4–5. Hacker continued to pay his principal and interest but refused to pay the escrow fee and, as a result, fell into default. *Id.* ¶ 5. Thereafter, Truist asserted its right to foreclose. *Id.*

Hacker seeks a declaratory judgment that Truist must credit him for previous payments allegedly made and that Truist must demand the correct payment amount and provide proper notice of and alternatives to foreclosure before initiating foreclosure proceedings. *Id.* ¶ 8. He also asserts claims for violations of the Real Estate Settlement Protection Act ("RESPA"), the Texas Finance Code, and the Texas Fair Debt Collection Protection Act. *Id.* ¶¶ 9–10. Finally, Hacker

seeks an injunction to prevent Truist from proceeding with foreclosure, along with attorneys' fees and costs. *Id.* ¶¶ 11–14.

On July 26, 2022, Hacker filed an amended petition to correct the listed address of the Property. *See id.* at 13–27. It is undisputed that, following the filing of the amended petition, Truist reinstated the loan, and the Property was pulled from the foreclosure sale. *See* ECF No. 1 ¶ 3; ECF No. 7 ¶¶ 1, 5.

On August 11, 2022, Truist removed the action to this Court on the basis of both diversity jurisdiction and federal question jurisdiction. ECF No. 1 at 2–4. Plaintiff now moves to remand the case to state court, arguing that, because the loan was reinstated prior to removal, the amount in controversy no longer exceeded the $75,000 threshold. ECF No. 7. No response to the motion has been filed and the time in which to do so has expired.

## DISCUSSION

### I. Legal Standard

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). In evaluating a motion to remand, a court must resolve "all factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019) (citing to 28 U.S.C. §§ 1331 and 1332(a)). The former is known as "federal-question jurisdiction" and the latter as "diversity jurisdiction." Determining whether a particular case arises under federal law or satisfies the requirements for diversity jurisdiction turns on the "well-pleaded complaint rule," which states that the basis for federal jurisdiction, must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citations omitted).

The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal."); *Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 761 (W.D. Tex. 2019) ("because jurisdiction is fixed at the time of removal, the jurisdictional facts supporting removal are examined as of the time of removal").

**II.   Analysis**

Plaintiff argues that the amount-in-controversy requirement for diversity jurisdiction was not satisfied at the time of removal because the loan had been reinstated and foreclosure was no longer imminent. ECF No. 7 ¶¶ 5–6. The amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount.

*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Where it is facially apparent that the amount in controversy likely exceeds $75,000, remand is not warranted unless the plaintiff establishes "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

When declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). In other words, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale of home appraised for $83,000.00, plus unspecified amount of monetary damages).

The parties appear to agree that the mortgage loan was reinstated prior to removal. *See* ECF No. 1 ¶ 3, ECF No. 7 ¶¶ 1, 5. It is also true that the jurisdictional facts, including the amount in controversy, must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. Nonetheless, even if the reinstatement of the loan could establish to a legal certainty that the claims in the amended petition were for less than the jurisdictional amount, remand would not be warranted here because a federal question appears on the face of the operative pleading. Truist removed this action on the basis of both diversity jurisdiction and, given Hacker's claim for RESPA violations, federal question jurisdiction. ECF No. 1 ¶¶ 13–14. Hacker's claim for violations of RESPA, 12 U.S.C. § 2605(f), arises under federal law and, accordingly, gives rise to federal question jurisdiction under 28 U.S.C. § 1331. *See Perez v. Wells Fargo USA Holdings,*

*Inc.*, No. 7:19-CV-317, 2019 WL 6687704, at *3 (S.D. Tex. Dec. 6, 2019) ("Courts have routinely held that allegations of violations of RESPA give rise to federal question jurisdiction."); *see id.* at *3 n.30 (collecting cases).

Moreover, Hacker's state-law claims for violations of the Texas Finance Code and the Texas Fair Debt Collection Protection Act appear to be so related to his RESPA claim that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see* ECF No. 1-1 at 15 ("The actions of the Defendant constitute violations of RESPA, Texas Debt Collections [sic] Practices Act and the Texas Deceptive Trade Practices Act."). Because Hacker's federal and state-law claims "derive from a common nucleus of operative fact," even in the absence of diversity jurisdiction, this Court has supplemental jurisdiction over the remaining state law claims.[1] *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). The Court concludes that Truist has met its burden of demonstrating that removal was proper.

## CONCLUSION

For the reasons stated herein, Plaintiffs' motion to remand (ECF No. 7) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 30th day of September, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1] The district court may decline to exercise supplemental jurisdiction over pendant state-law claims if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim(s) over which the district court has original jurisdiction, (3) the district court has dismissed all of the claims over which it has original jurisdiction, or (4) in "exceptional circumstances" when there are "other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). In deciding whether to exercise supplemental jurisdiction, a court must weigh the above four statutory factors as well as the common law considerations of economy, convenience, fairness, and comity. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011). None of these circumstances exist here.