IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

GARY HACKER, §
    *Plaintiff* §
§
-vs- § SA-22-CV-00886-XR
§
TRUIST BANK, §
    *Defendant* §
§

**ORDER**

On this date, the Court considered Defendant's motion to dismiss (ECF No. 19). After careful consideration, the Court issues the following order.

**BACKGROUND**

Plaintiff Gary Hacker ("Hacker") is the mortgagor of a property located at 514 Cordillera Trace, Boerne, Texas (the "Property"). ECF No. 18 ¶ 4. Hacker failed to pay his property taxes in full and on time, anticipating the creation of a payment plan with the tax assessor. *Id.* In response, Defendant Truist Bank ("Truist"), the mortgagee, paid Hacker's overdue and upcoming property taxes. *Id.* ¶¶ 4–5. To cover its prepayment, Truist converted Hacker's loan to an escrow loan, charging an additional monthly fee that Hacker refused to pay. *Id.* ¶ 5. As a result, Hacker fell into default, and Truist asserted its right to foreclose. *Id.*

On July 21, 2022, Hacker filed his original petition in the 451st District Court of Kendall County, Texas, seeking to prevent Truist from foreclosing on the Property. ECF No. 1-1, App. B-1. On July 26, 2022, Hacker filed his first amended petition to correct the listed address of the Property. *See id.* App. B-2. It is undisputed that, following the filing of the amended petition, Truist reinstated the loan, and the Property was pulled from the foreclosure sale. *See* ECF No. 1 ¶ 3; ECF No. 7 ¶¶ 1, 5. On August 11, 2022, Truist removed the action to this Court on the basis of both

diversity and federal question jurisdiction. ECF No. 1 ¶ 6. On November 23, 2022, Hacker filed his second amended petition. ECF No. 18.

In his petition, Hacker asserts claims for violations of the Texas Debt Collections Practices Act ("TDCA"), the Texas Deceptive Trade Practices Act ("DTPA"), and the Real Estate Settlement Protection Act ("RESPA"). *Id.* ¶¶ 9–10. He also seeks a declaratory judgment that Truist must credit him for previous payments allegedly made and that Truist must demand the correct payment amount and provide proper notice of and alternatives to foreclosure before initiating foreclosure proceedings. *Id.* ¶ 8.

Truist has moved to dismiss Hacker's petition in its entirety, on several grounds. ECF No. 19. First, Truist contends that Hacker's TDCA claim fails because threatening foreclosure after default is not an action prohibited by law, and, in any event, Hacker failed to "allege he sustained any damages." ECF No. 19 at 3–4. Second, Truist argues that Hacker's DTPA claim fails because he "is not a 'consumer' as defined by the statute." *Id.* at 4. Third, Truist contends that Hacker failed to plead damages under RESPA. *Id.* at 5. And finally, Truist concludes that, in light of Hacker's failure to plead his substantive claims, declaratory relief must be denied. *Id.* at 7. Hacker has not filed a response to the motion, and the time in which to do so has expired.

## DISCUSSION

### I.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

## II. Analysis

### A. Violations of the Texas Debt Collections Practices Act

In his petition, Hacker vaguely alleges violations of the TDCA, failing to specify which provisions support his claim. ECF No. 18 ¶ 9. Accordingly, the Court construes Hacker's claim under each relevant statute, determining whether Truist's unrebutted arguments are dispositive.

#### i. Threats or Coercion

Under the TDCA, "a debt collector may not use threats, coercion, or attempts to coerce [by] . . . threatening to take an action prohibited by law" when collecting a consumer debt. TEX. FIN. CODE § 392.301(a)(8); *see Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986). Truist

3

contends that because Hacker admitted to defaulting on his loan, foreclosure was "not an action prohibited by law." ECF No. 19 at 3–4. The Court agrees.

Assuming *arguendo* that Truist threatened Hacker with foreclosure,[1] that is not prohibited by law when the mortgagee has a "right to foreclose." *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 478 (2015). "Because a default generally triggers a mortgag[ee]'s right to foreclose under a deed of trust, . . . claims premised on a threat of foreclosure generally turn on whether the mortgage is in default." *Id.* (citing *Wildy v. Wells Fargo Bank, NA*, No. 12-CV-01831, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012)); *see Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015) (holding foreclosure threats are not prohibited by law when the mortgagor is in default); *Byrd v. Lakeview Loan Servicing, L.L.C.*, 855 F. App'x 187, 191–92 (5th Cir. 2021) (same).

Here, Hacker admits to defaulting on his loan by failing to pay his property taxes timely and making incomplete mortgage payments. *See* ECF No. 18 ¶¶ 4–5, 8. And he does not allege that Truist "waived its contractual right to foreclose." *Rucker*, 806 F.3d at 831. Thus, Truist acted within its rights and did not threaten an action prohibited by law. *Id.*; *see* TEX. FIN. CODE. § 392.301(a)(8). Any claim based on this provision, therefore, fails to state a claim upon which relief can be granted.[2]

---

[1] Based solely on the petition, this fact is unclear. According to Hacker, Truist merely "asserted a right to foreclose" after his default. *See* ECF No. 18 ¶¶ 5, 8.

[2] Truist also contends that Hacker did not suffer actual damages because it never foreclosed on the Property. ECF No. 19 at 3. While the Court need not consider this contention because Hacker's claim fails on other grounds, it notes that a plaintiff may recover damages absent foreclosure. *See McCaig*, 788 F.3d at 471, 483–84 (affirming jury award of mental anguish damages under the TDCA even though the defendant "never consummated a foreclosure sale"); *see also* TEX. FIN. CODE § 392.403 (providing injunctive relief, actual damages, attorney's fees, and statutory damages for violations of the TDCA).

### ii. Unfair or Unconscionable Means

Debt collectors are also forbidden from using "unfair or unconscionable means" while "collecting or attempting to collect . . . a charge, fee, or expense incidental to the obligation unless [it] is expressly authorized by the agreement." TEX. FIN. CODE § 392.303(a)(2). "If . . . even one dollar" is improperly collected outside the terms of the agreement, that could violate Section 392.303(a)(2). *Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 874 (5th Cir. 2021).

Here, Hacker alleges that Truist charged an "increased amount" through escrow and failed to apply his partial payments to the delinquent balance. ECF No. 18 ¶ 5. He does not, however, allege that these actions violated the deed of trust. Without alleging a violation of the agreement, Hacker fails to state a legally cognizable claim under this provision. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 240 (5th Cir. 2014) (holding a plaintiff must "allege that the imposition of the charges was not authorized by the . . . agreement," making a "general assertion of 'wrongful charges' . . . insufficient"); *Page v. JPMorgan Chase Bank, N.A.*, No. 13-CV-407, 2013 WL 11309350, at *5 (N.D. Tex. Nov. 25, 2013) (granting a motion to dismiss because the plaintiff "wholly fail[ed] to allege any facts suggesting that any of the charges . . . were not authorized by the loan documents as a result of the default"), *aff'd* 605 F. App'x 272 (5th Cir. 2015).

### iii. Fraudulent, Deceptive, or Misleading Representations

Finally, debt collectors are prohibited from using "fraudulent, deceptive, or misleading representations [by] . . . misrepresenting the character, extent, or amount of a consumer debt[.]" TEX. FIN. CODE § 392.304(a)(8). To violate this provision, debt collectors need not intend to mislead the debtor. *McCaig*, 788 F.3d at 480–81. Rather, "facially innocuous misrepresentations made in the course of an attempt to collect a debt constitute a violation." *Id.* at 481 (citing several

cases). But a misrepresentation must cause the debtor "to think differently with respect to the character, extent, amount, or status of their debt." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013). Here too, Hacker's petition fails to state a claim.

While Hacker alleges that "the delinquent amount cited by [Truist] is incorrect," ECF No. 18 ¶ 5, he does not argue it created a misapprehension. *Id.* ¶¶ 5–6. Rather, Hacker contends that he remained "[a]t all times, even up to the time of the filing of the petition in Texas State District Court, . . . ready to pay a correct delinquent amount." *Id.* ¶ 6. In other words, Hacker was aware: (1) "that [he] had a mortgage debt"; (2) "the specific amount that [he] owed"; and (3) "that [he] had defaulted." *Id.*; *see Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 375 (5th Cir. 2021) (citing *Miller*, 728 F.3d at 723) (holding that misrepresentations cannot support a claim under Section 392.304(a)(8) when the debtor believes them to be inaccurate). Because the purported misrepresentation did not cause Hacker to think differently about his debt, he has failed to state a claim upon which relief can be granted.

### B. Violations of the Texas Deceptive Trade Practices Act

Hacker's petition also alleges a violation of the DTPA. On this claim, Truist contends that Hacker is not a consumer, placing him outside the Act's ambit. To assert a DTPA claim, a plaintiff must plead facts demonstrating he is a "consumer." *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). The term consumer means any "individual . . . who seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE § 17.45. A consumer must: (1) "seek or acquire goods or services by purchase or lease"; and (2) "the goods or services purchased or leased must form the basis of the complaint." *Miller*, 726 F.3d at 724–25 (quoting *Mendoza v.*

6

*Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.—San Antonio 1996, no writ)) (internal quotation mark omitted).

"As a general rule, where the underlying transaction is a loan, consumer status is not conferred because money is neither a good [n]or service." *Reule v. M & T Mortg.*, 483 S.W.3d 600, 614 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173–74 (Tex. 1980)); *see Flenniken v. Longview Bank & Tr. Co.*, 661 S.W.2d 705, 706–08 (Tex. 1983). But, "where the mortgagor's primary objective was to acquire a good or service, and that good or service forms the basis of the complaint, the mortgagor qualifies as a consumer under the DTPA." *Forbes v. Citimortgage, Inc.*, 998 F. Supp. 2d 541, 552 (S.D. Tex. 2014) (citing *Miller*, 726 F.3d at 725); *see Flenniken*, 661 S.W.2d at 708 ("[T]he Flennikens did not seek to borrow money; they sought to acquire a house. The house thus forms the basis of their complaint.").

"But a mortgagor challenging how an existing mortgage is serviced is not a consumer because the basis of the claim is 'the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction.'" *HHH Farms, L.L.C. v. Fannin Bank*, 648 S.W.3d 387, 417 (Tex. App.—Texarkana 2022, pet. filed) (quoting *Ebrahimi v. Caliber Home Loans, Inc.*, No. 05-18-00456-CV, 2019 WL 1615356, at *8 (Tex. App.—Dallas Apr. 15, 2019, pet. denied) (mem. op., not designated for publication)) (internal quotation marks omitted); *see Miller*, 726 F.3d at 725 (citing *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 455 (E.D. Tex. 2011)).

Because Hacker only challenges Truist's servicing and foreclosure activities, the Property does not form the basis of his petition. ECF No. 18 ¶¶ 4–5, 9.[3] Thus, Hacker is not a consumer within the meaning of the DTPA and fails to state a claim thereunder.

### C.  Violation(s) of RESPA

Hacker also alleges that Truist violated RESPA by "engag[ing] in dual tracking." *Id.* ¶ 10. Truist responds that the petition fails to plead facts supporting dual tracking and damages. ECF No. 19 at 5–6. Under RESPA, "[d]ual tracking is the term given to situations in which the lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options." *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 (5th Cir. 2015) (citing 12 C.F.R. § 1024.41 (2022)). This practice is forbidden when "a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale." *Id.* (quoting 12 C.F.R. § 1024.41(c)(1)) (internal quotation marks omitted).

Because Hacker pleads no facts indicating he submitted a loss mitigation report to Truist, he fails to state a claim under this provision. *Id.*; *see Cabrera v. First Nat'l Bank of Trenton*, No. 22-CV-00002, 2022 WL 2056186, at *2 (E.D. Tex. June 7, 2022) ("Cabrera never mentions an application for complete loss mitigation . . . . Cabrera, thus, has not stated a claim for dual tracking upon which relief can be granted.").

### D.  Declaratory Relief

Hacker seeks the following declarations: (1) that Truist was required to give him thirty (30) days to cure any property tax default before putting him in escrow; (2) that Truist should credit

---

[3]  Hacker's petition makes some allegations with respect to the underlying transaction for the Property. *See* ECF No. 18 ¶ 9 (alleging Truist made "deceptive representations in connection with goods and services" and "[m]isrepresent[ed] the authority of a salesman, representative[,] or agent to negotiate the final terms of a consumer transaction"). However, these "naked assertion[s]" are devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557. The Court cannot draw "reasonable inference[s]" from facts never pleaded. *Iqbal*, 556 U.S. at 678.

him for payments made and accepted; (3) that the correct amount must be demanded prior to claiming default and seeking foreclosure; (4) that Truist must provide him with proper notice of and potential alternatives to foreclosure; and (5) that he was never six months behind on his mortgage payments because he should have been credited for the partial payments accepted by Truist, reducing his delinquency to four months at the maximum. ECF No. 18 ¶ 8. Because Hacker fails to plead his substantive claims, his request for declaratory relief must be denied.

Declaratory relief, whether brought "under . . . state or federal law[,] depend[s] on an otherwise justiciable case or controversy." *Lawry v. Bank of N.Y. Mellon Tr. Co., N.A.*, 797 F. App'x 152, 156 (5th Cir. 2019) (citing *Bauer v. Texas*, 341 F.3d 352, 357–58 (5th Cir. 2003) and *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995)); *see Val-Com Acquisitions Tr. v. Chase Home Fin., LLC*, 434 F. App'x 395, 395–96 (5th Cir. 2011) (affirming the district court's dismissal of declaratory relief where the plaintiff failed to state a claim). "In other words, declaratory relief is 'merely a theory of recovery' on an underlying cause of action—it is 'a procedural device' that 'does not create any substantive rights or causes of action.'" *Lawry*, 797 F. App'x at 156 (quoting *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996)). Thus, "declaratory and injunctive relief necessary fail" when the underlying substantive claims are dismissed. *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 (5th Cir. 2012).

Here, as discussed above, Hacker's substantive claims fail to state a claim on which relief can be granted. Without them, his procedural request for declaratory relief is meritless.

## CONCLUSION

For the foregoing reasons, Truist's motion to dismiss (ECF No. 19) is **GRANTED** and Hacker's claims are **DISMISSED.** However, the Court grants Hacker leave to file an amended

complaint curing the deficiencies identified in this order **no later than January 31, 2023.**

It is so **ORDERED**.

**SIGNED** this 17th day of January, 2023.

                                        XAVIER RODRIGUEZ
                                        UNITED STATES DISTRICT JUDGE